**FILED**

March 04, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _Christian Rodriguez_

DEPUTY

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **JOHN OLVERA** | § | |
| | § | **1:25-CV-00747-RP-SH** |
| **v.** | § | **1:23-CR-00162-RP** |
| | § | |
| **UNITED STATES OF AMERICA** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

**TO:   THE HONORABLE ROBERT PITMAN
       UNITED STATES DISTRICT JUDGE**

Before the Court are John Olvera's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255, filed May 9, 2025 (Dkt. 44), and the Government's Response in Opposition, filed July 1, 2025 (Dkt. 47).[1]

## I.    Background

On September 19, 2023, John Olvera was indicted on one count of unlawful possession of a machine gun, in violation of 18 U.S.C. § 922(o). 1:23-CR-00162-RP at Dkt. 1. On February 23, 2024, he appeared before United States Magistrate Judge Mark Lane and pled guilty to violating 18 U.S.C. § 922(o). Dkt. 31; Plea Tr., Dkt. 49 at 35:8-13. Olvera pled guilty pursuant to a written plea agreement in which the Government recommended that the Court impose a sentence at the low end of the U.S. Sentencing Guidelines range. Dkt. 27 (sealed). Olvera also agreed to waive his right to appeal his conviction and sentence, including seeking collateral review under 28 U.S.C. § 2255, except as to claims of prosecutorial misconduct and ineffective assistance of counsel. *Id.*

---

[1] The District Court referred the motion and related filings to this Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Court Docket Management Standing Order for the Honorable Robert Pitman.

1

The U.S. Probation Officer prepared a Presentence Investigation Report ("PSR") and calculated Olvera's base offense level under the U.S. Sentencing Guidelines to be 20. Dkt. 39 at 6 (sealed). After adjusting his base offense level for enhancements – for possessing three firearms and because the offense involved a firearm with an "obliterated" serial number – and deductions for acceptance of responsibility, Olvera's total offense level was calculated to be 23. *Id.* at 6-7. His criminal history category was IV based on his three prior state court convictions and sentences. *Id.* at 7-10. Based on his total offense level and criminal history category, Olvera's applicable guideline range was calculated to be 70 to 87 months. *Id.* at 14.

On May 24, 2024, the District Court sentenced Olvera to a 48-month term of imprisonment, followed by a three-year term of supervised release. Judgment and Commitment, Dkt. 41. The District Court explained at the sentencing hearing that he was sentencing Olvera to a shorter term of imprisonment than recommended in the PSR based on Olvera's young age. Sentencing Tr., Dkt. 50 at 13:15-20.

On June 13, 2025, Olvera filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking to have his federal sentence run concurrently with his state sentence. 1:25-cv-00986-RP at Dkt. 1. The District Court denied this request and dismissed Olvera's Petition on July 1, 2025. *Id.* at Dkt. 4.

In his § 2255 motion to vacate his sentence, Olvera argues that the PSR did not accurately assess his base offense level and criminal history category and that his sentence should be reduced to 30-37 months. Dkt. 44 at 4. The Government argues that the Court should dismiss Olvera's § 2255 motion because he waived his right to seek such relief in his Plea Agreement.

## II.    Analysis

A defendant may waive his right to seek collateral review of his conviction and sentence under § 2255 if (1) the waiver was "knowing and voluntary" and (2) "applies to the circumstances at

hand, based on the plain language of the agreement." *United States v. Barnes*, 953 F.3d 383, 386 (5th Cir. 2020). "For a waiver to be knowing and voluntary, a defendant must know that he had a right to appeal his sentence and that he was giving up that right." *United States v. Kelly*, 915 F.3d 344, 348 (5th Cir. 2019) (cleaned up). A waiver is both knowing and voluntary if the defendant indicates that he read and understood the agreement and the agreement contains an explicit, unambiguous waiver of appeal. *Id.*

In his written Plea Agreement, Olvera "voluntarily and knowingly waive[d] any right to contest the conviction or sentence (or the manner in which the sentence was determined) in any post-conviction proceeding, including any proceeding pursuant to 28 U.S.C. § 2255," except as to ineffective assistance of counsel and prosecutorial misconduct claims. Dkt. 27 at 6. During his plea hearing, Judge Lane asked Olvera if he understood that by pleading guilty he was "waiving and giving up" his right to file a direct appeal or to seek collateral relief after his sentence was imposed. Plea Tr., Dkt. 49 at 10:11-17, 10:24-11:9. Olvera responded that he understood that he was waiving those rights. *Id.* at 10:21, 11:12. Olvera also told Judge Lane that he fully understood the terms of his Plea Agreement and that he "read and reviewed" it "carefully" with his attorney. *Id.* 17:19-21. Finally, Olvera told Judge Lane that he was voluntarily pleading guilty because he was guilty and for no other reason. *Id.* at 35:8-13.

Based on this record, this Magistrate Judge finds that Olvera knowingly and voluntarily waived his right to assert his claims under § 2255. *Kelly*, 915 F.3d at 348. The Fifth Circuit has recognized two exceptions to the general rule that knowing and voluntary appellate and collateral-review waivers are enforceable: ineffective assistance of counsel and a sentence exceeding the statutory maximum. *Barnes*, 953 F.3d at 388-89. Neither exception applies here. The Court finds that Olvera's § 2255 motion is barred by the collateral review waiver in his Plea Agreement.

### III.    Recommendation

Because he waived his right to bring this action as part of his Plea Agreement, this Magistrate Judge **RECOMMENDS** that the District Court **DISMISS** John Olvera's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. 44).

It is **ORDERED** that the Clerk remove this case from this Magistrate Judge's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

### IV.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

## V.    Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, as amended, the district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant.

A COA may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* The Court further held:

When the district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, reasonable jurists could not debate the dismissal of Movant' § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Accordingly, it is recommended that a certificate of appealability not be issued.

**SIGNED** on March 4, 2026.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

5